**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CASE NO.: 2:25-mj-09083-CF-3**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | } | |
| | } | |
| **vs.** | } | |
| | } | |
| | } | **CRIMINAL ACTION** |
| **EDICKSON LORA CASTILLO,** | } | |
| | } | |
| **Defendant** | } | |
| | } | |

**NOTICE OF MOTION FOR RELEASE ON CONDITIONS**

**DAVID ELLIOTT MALAGOLD**
DOJ-USAO
970 BROAD STREET
NEWARK, NJ 07102

**PLEASE TAKE NOTICE** that on a date and time to be set by the Court, the defendant, Edickson Lora Castillo, through his attorneys, Genesis Peduto, Esq. Esquire shall move before the Hon. Jose A. Almonte, United States District Magistrate Judge, United States District Court of New Jersey, for a motion for release on conditions.

The Defendant will rely upon the attached certification of Counsel in support of the within motion.

Dated: September 10, 2025

/S/ Genesis A. Peduto
**GENESIS A. PEDUTO, ESQ.**
**1373 Broad Street, Suite 201**
**Clifton, NJ 07013**
**Telephone: (201) 868-2240**
**Facsimile: (201) 868-2292**
**Bar Number: 001011998**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

**CASE NO.: 2:25-mj-09083-CF-3**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | } | |
| | } | |
| **vs.** | } | |
| | } | |
| | } | **CRIMINAL ACTION** |
| **EDICKSON LORA CASTILLO,** | } | |
| | } | **ATTORNEY CERTIFICATION** |
| **Defendant** | } | |
| | } | |

**PRELIMINARY STATEMENT**

Defendant respectfully moves this Honorable Court for an Order granting pretrial release pursuant to the Bail Reform Act, 18 U.S.C. § 3142. As will be demonstrated throughout this motion, pretrial release with appropriate conditions is both warranted and necessary in this case, as the defendant presents neither a flight risk nor a danger to the community.

The defendant has substantial and longstanding ties to the community, including family relationships, employment history, and property interests that firmly anchor the defendant to this jurisdiction. These strong community connections, combined with the defendant's lack of prior criminal history and willingness to abide by strict release conditions, effectively mitigate any concern about potential flight.

Furthermore, the nature of the charges against the defendant involves non-violent conduct, and the defendant has no history of violent behavior or threatening actions that would suggest any danger to the community. The proposed conditions of release, including home detention with electronic monitoring and third-party custodian supervision, provide substantial assurances that the defendant will appear for all court proceedings and pose no risk to public safety.

The Third Circuit has consistently recognized that "the traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction." *United States v. Salerno*, 481 U.S. 739, 746 (1987) (cited with approval in numerous Third Circuit cases). This principle is particularly salient here, where the defendant's ability to meaningfully participate in preparing a defense will be significantly hampered by continued detention.

For these reasons, and as detailed more fully below, this Court should order the defendant's release pending trial subject to the proposed conditions that represent the least restrictive means necessary to reasonably assure both the defendant's appearance and the safety of the community.

## PROCEDURAL HISTORY

The defendant was arrested on February 26, 2025 and made an initial appearance before Magistrate Judge Jose A. Almonte. Defendant remanded to custody with the right to make a bail application at a later time.

The defendant is currently detained at the Essex County Correctional Facility in Newark, New Jersey, where he has remained since February 26, 2025. The defendant has been charged in Count Four of the Complaint with the transportation of stolen property, in violation of 18 U.S.C. § 2314.

The Magistrate Judge's detention order was based primarily on the fact that no bail package was provided by the defense. The defendant now challenges this detention decision and seeks release pending trial based on new information and a more comprehensive evaluation of the factors outlined in 18 U.S.C. § 3142(g).

Since the initial detention hearing, several developments have occurred that further support the defendant's request for pretrial release. The defendant now has a reliable third-party custodian and co-suretors willing to supervise his release. These individuals are committed to ensuring that the defendant attends all court proceedings and complies with all conditions of release.

**Custodian and Co-Suretors:**

1. **Rosa Peralta Alvarez, fiancée, 917-946-4227**
2. **Geysa Burgos, cousin, 203-928-0325**
3. **Jennina Ortiz, cousin, 347-615-2353**
4. **Evelyn Martinez Alvares, sister in law, 203-305-3369**
5. **Marisol Castillo De Lopez, aunt, 201-667-0984**
6. **Rafael Puello Alvarez, friemd, 407-902-6118**

This motion is timely filed pursuant to 18 U.S.C. § 3145(b), which permits a defendant ordered detained by a magistrate judge to file a motion for revocation or amendment of the order with the court having original jurisdiction over the offense. The District Court reviews the Magistrate Judge's detention order de novo. *United States v. Delker*, 757 F.2d 1390, 1394-95 (3d Cir. 1985).

### LEGAL STANDARDS FOR PRETRIAL RELEASE

The Bail Reform Act of 1984, codified at 18 U.S.C. § 3142, establishes a comprehensive framework governing pretrial release determinations in federal criminal cases. At its core, the Act embodies a presumption in favor of pretrial release, recognizing the fundamental principle that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

Under this framework, pretrial detention is permitted only when the court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The burden of proof falls squarely on the government, which must demonstrate that the defendant presents a flight risk by a preponderance of the evidence, or that the defendant poses a danger to the community by clear and convincing evidence. *United States v. Himler*, 797 F.2d 156, 160-61 (3d Cir. 1986); *United States v. Perry*, 788 F.2d 100, 115 (3d Cir. 1986).

In making this determination, the court must consider four specific factors enumerated in 18 U.S.C. § 3142(g):

1. The nature and circumstances of the offense charged, including whether the offense involves violence, a controlled substance, or a firearm;
2. The weight of the evidence against the defendant;
3. The history and characteristics of the defendant, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past criminal history, record of court appearances, and whether the defendant was on probation, parole, or release at the time of the alleged offense; and
4. The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

The Third Circuit has consistently emphasized that pretrial detention should be ordered only as a last resort, and courts must apply the principle of the "least restrictive" conditions necessary to reasonably assure the defendant's appearance and community safety. As held in *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (cited with approval in the Third Circuit), "the court must consider all the legislatively designated factors... [and] the statute's preference for release must be respected."

The District Court reviews a Magistrate Judge's detention order de novo, conducting an independent evaluation of the § 3142(g) factors without deference to the Magistrate Judge's findings. *United States v. Delker*, 757 F.2d 1390, 1394-95 (3d Cir. 1985). This independent review is particularly important where, as here, the defendant's liberty interests must be carefully balanced against the government's interest in ensuring court appearances and community safety.

**DEFENDANT DOES NOT POSE A FLIGHT RISK**

**Community Ties**

The defendant has resided in the United States for over eight years, maintaining a permanent residence at 230 Clinton Street, New York NY. The defendant's immediate family, including his fiance, all reside in the District of New York, providing strong personal incentives to remain in the jurisdiction.

**History of Court Compliance**

The defendant has no prior history of failing to appear for court proceedings

**Proposed Safeguards**

The defendant will voluntarily surrender all passports and travel documents to counsel, who will provide them to the Court. Additionally, the defendant consents to electronic monitoring, home detention, and regular reporting to Pretrial Services.

The defendant's deep roots in the New Jersey community substantially mitigate any flight risk concerns. **Rosa Peralta Alvarez**, the defendant's fiancée and mother of his two children, has agreed to serve as a third-party custodian. Ms. Alvarez, has no criminal record and owns a suitable residence, where the defendant would reside if released. Ms. Alvarez fully understands the responsibilities of a third-party custodian and has committed to reporting any violations to the Court immediately.

Courts in this district have repeatedly recognized that such strong community ties, combined with appropriate conditions of release, effectively mitigate flight risk. The court have ordered pretrial release under similar circumstances, noting that "the combination of electronic monitoring, third-party custodian supervision, and significant financial security adequately assured the defendant's appearance." The same conclusion is warranted here.

The government may argue that the potential penalties facing the defendant create an incentive to flee. However, the Third Circuit has recognized that "the mere fact that the defendant faces a potentially lengthy sentence does not, by itself, establish flight risk when the defendant has significant ties to the community and no history of failing to appear.". Here, the defendant's substantial community ties and willingness to accept stringent conditions of release outweigh any such concerns.

The government may also argue that the defendant has an ICE detainer and therefore cannot consent to release. The detainer does not change the fact that he poses no flight risk or danger to the community. The defendant qualifies for immigration relief, which strengthens his ties to the United States and supports the argument for release on bail.

Although the defendant currently has an ICE detainer, the detainer **should not be considered in determining eligibility for release on bail**. Federal courts have consistently held that immigration detainers are administrative requests by ICE and do not create a legal basis to deny release in criminal proceedings:

- **United States v. Lopez-Arias, 344 F. Supp. 3d 1230 (D. Colo. 2018)** – The court held that an ICE detainer "is not a judicial order and does not authorize detention beyond that authorized under federal criminal law."
- **United States v. Soto, 2018 WL 3002514 (D. Nev. June 15, 2018)** – The court found that "a defendant's ICE detainer cannot, by itself, justify pretrial detention for criminal purposes."

- **Padilla v. Kentucky, 559 U.S. 356, 365 (2010)** – While primarily addressing immigration consequences of criminal convictions, the Court acknowledged that immigration enforcement is separate from criminal detention and should not interfere with bail determinations.

Therefore, the defendant's ICE status does not negate his eligibility for release on reasonable bail.

## DEFENDANT DOES NOT POSE A DANGER TO THE COMMUNITY

The charges in this case do not include any allegations of violence or threats of violence. This absence of violent conduct is significant, as the Third Circuit has consistently recognized that non-violent offenses generally present less concern regarding danger to the community.

The defendant's personal history further demonstrates the absence of any danger to the community. The defendant has no criminal history. Notably, the defendant has never been charged with or convicted of any violent offense, and there is no evidence of any history of threatening or aggressive behavior. This clean record spans the defendant's entire adult life, providing strong evidence that the defendant does not pose a risk of harm to others.

### Proposed Conditions

The proposed conditions of release include significant restrictions that would effectively prevent any potential danger, including prohibitions on contact with alleged victims or witnesses and strict monitoring of all activities.

The proposed conditions of release include significant restrictions designed to ensure community safety, including home detention with electronic monitoring, which would severely restrict the defendant's movements and activities. The defendant would be permitted to leave the residence only for court appearances, attorney meetings, medical appointments, and religious services, all with prior approval from Pretrial Services. These restrictions, combined with regular reporting requirements and supervision by a third-party custodian, provide multiple layers of protection that effectively eliminate any potential risk to the community.

Courts in this district have consistently recognized that such conditions are sufficient to mitigate concerns about danger to the community in cases involving similar or even more serious allegations.

## PROPOSED CONDITIONS OF RELEASE

The defendant proposes the following combination of conditions, which represent the least restrictive means necessary to reasonably assure both the defendant's appearance and the safety of the community:

**Residential Restrictions**

- Home detention at 230 Clinton Street, New York NY, with defendant permitted to leave only for court appearances, attorney meetings, medical appointments, employment, and religious services, all with prior approval from Pretrial Services
- Supervision by Ms. Alvares, who will reside with the defendant and report any violations to the Court

**Travel & Identification Restrictions**

- Travel restricted to the District of New Jersey and New York
- Surrender of all passports and travel documents
- No application for new travel documents

**Supervision Requirements**

- Regular reporting to Pretrial Services
- Compliance with all directives from Pretrial Services
- Immediate notification of any change in residence or employment
- Submission to warrantless search of residence by Pretrial Services

**Contact Restrictions**

- No direct or indirect contact with potential witnesses
- No possession of firearms, destructive devices, or other dangerous weapons

**Financial Security**

The defendant proposes posting a personal recognizance bond in the amount of $20,000, secured by:

- Signature bond co-signed by three financially responsible individuals

**CONCLUSION AND PRAYER FOR RELIEF**

For the foregoing reasons, the defendant respectfully submits that the proposed conditions of release satisfy the requirements of the Bail Reform Act by reasonably assuring both the defendant's appearance at future proceedings and the safety of the community. The defendant has demonstrated substantial ties to the community, a history of law-abiding behavior, and a willingness to accept significant restrictions on his liberty pending trial.

The government cannot meet its burden of establishing by a preponderance of the evidence that the defendant poses a flight risk, nor can it establish by clear and convincing evidence that the defendant presents a danger to any person or the community. The comprehensive conditions proposed above provide multiple layers of supervision and restriction that effectively address any legitimate concerns the Court may have regarding the defendant's release.

The Third Circuit has consistently recognized that "pretrial release should be denied only as a matter of last resort," *United States v. Traitz*, 807 F.2d 322, 324 (3d Cir. 1986), and that courts must respect the "traditional right to freedom before conviction [which] permits the unhampered preparation of a defense." *United States v. Perry*, 788 F.2d 100, 114 (3d Cir. 1986). These principles are particularly salient here, where the defendant's ability to effectively prepare a defense would be significantly hampered by continued detention.

WHEREFORE, the defendant respectfully requests that this Honorable Court:

1. Schedule an expedited hearing on this motion within seven (7) days;
2. Order the defendant's release pending trial subject to the conditions set forth above; and
3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/S/ Genesis A. Peduto

**Genesis A. Peduto, Esq.**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

**CASE NO.: 2:25-mj-09083-CF-3**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **}** | |
| | **}** | |
| **vs.** | **}** | |
| | **}** | |
| | **}** | **CRIMINAL ACTION** |
| **EDICKSON LORA CASTILLO,** | **}** | |
| | **}** | **ATTORNEY CERTIFICATION** |
| **Defendant** | **}** | |
| | **}** | |

**CERTIFICATE OF SERVICE**

Genesis Peduto, Esq. certifies that on September 10, 2025, I served the motion and certification of Counsel electronically and via PACER/ECF.

**Same was addressed to:**

**DAVID ELLIOTT MALAGOLD**

DOJ-USAO
970 BROAD STREET
NEWARK, NJ 07102

Dated: September 10, 2025

/S/ Genesis A. Peduto

**GENESIS A. PEDUTO, ESQ**