**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*
*973-645-2700*

October 13, 2025

**Via ECF**

Hon. Leda Dunn Wettre
United States Magistrate Judge
Martin Luther King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re: *United States v. Edickson Lora Castillo*, Mag. No. 25-9083 (CF)

Dear Judge Wettre:

The United States submits this letter in opposition to the request for pre-trial release pursuant to 18 U.S.C. § 3142 submitted by the defendant, Edickson Lora Castillo ("Lora Castillo"). Given his ties to his native country, the Dominican Republic, and strong likelihood of deportation regardless of the outcome of this case, the Court should deny the motion based on risk of flight pursuant to 18 U.S.C. § 3142(f)(2).

## BACKGROUND

On February 21, 2025, Lora Castillo was charged by a sealed criminal complaint with one count of conspiracy to transport and receive stolen property, contrary to 18 U.S.C. §§ 2314 and 2315, in violation of 18 U.S.C. § 371 (Count One), and one count of transportation of stolen property, in violation of 18 U.S.C. § 2314 (Count Four). The charges arose from defendant's role in a network that organized the widespread theft of electronic devices shipped to customers.

On February 26, 2025, Lora Castillo was arrested and appeared before Hon. José R. Almonte, U.S.M.J. at which time he consented to detention.

## ARGUMENT

The Court should deny bail. Under the Bail Reform Act of 1984, federal courts consider two criteria when making determinations of release or detention: (1) risk of flight and (2) safety to the community. 18 U.S.C. § 3142(f). When making a determination regarding the eligibility of a defendant for pretrial release, the Bail Reform Act directs the Court to consider: (1) the nature and circumstances of the

offense charged, (2) the weight of the evidence, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release. 18 U.S.C. § 3142(g).

The Court should deny defendant's motion because of the risk of flight. Lora Castillo is a citizen of the Dominican Republic who freely admits that he came to this country on a tourist visa and broke the law when he never left. While his lack of lawful immigration status and immigration detainer do not, in and of themselves, mandate detention, they provide a powerful incentive for Lora Castillo to flee: he will likely face removal to the Dominican Republic regardless of the outcome of this criminal prosecution, thus presenting a strong motivation for flight.

Further, the evidence in this case is quite strong. Defendant was recorded by law enforcement providing FedEx tracking information to target shipments for theft and directing the sale of the stolen devices to a fence location in the Bronx.

## CONCLUSION

The strength of the government's case, defendant's ties to the Dominican Republic, and the likelihood of deportation to the Dominican Republic regardless of conviction demonstrate a serious risk of flight. Accordingly, the Government respectfully requests that the Court deny the motion for release.

Respectfully submitted,

TODD BLANCHE
United States Deputy Attorney General

ALINA HABBA
Acting United States Attorney
Special Attorney

By: Trevor A. Chenoweth
David E. Malagold
Assistant U.S. Attorneys

cc: Genesis Peduto, Esq.