**GENESIS A PEDUTO, ESQ**
**LAW OFFICE OF GENESIS A. PEDUTO**
**Admitted NJ, PA, FL & NY Bars**

8512 Kennedy Boulevard
Suite One
North Bergen, NJ 07047

Telephone (201) 868-2240
Facsimile (201) 868-2292
Cellular (201) 923-9931
Legalgpedutoesq@aol.com
Gpedutoesq@aol.com

October 13, 2025

***VIA ECF***

Hon. Leda Dunn Wettre
United States Magistrate Judge
Martin Luther King, Jr. Federal Building and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

***Re: United States v. Edickson Lora Castillo***
***Mag. No. 25-9083 (CF)***

Dear Judge Wettre:

Please accept this correspondence as the Defendant's Reply to the Government's October 13, 2025 Opposition to Bail. The Government's response overstates the risk of flight and fails to acknowledge both the statutory presumption of release and the specific safeguards proposed by the defense under 18 U.S.C. § 3142.

Mr. Lora Castillo has resided in the United States for more than eight years and maintains a stable home at 230 Clinton Street, New York, NY, where he resides with his fiancée Rosa Peralta Alvarez, who will serve as third-party custodian. Ms. Alvarez, a lawful resident and mother of his two children, has no criminal record and has affirmed her commitment to ensure full compliance with any conditions imposed by the Court. In addition, several family members—including Geysa Burgos, Jennina Ortiz, Evelyn Martinez Alvarez, Marisol Castillo De Lopez, and Rafael Puello Alvarez—have pledged to serve as co-suretors to secure his release.

The defendant has no prior criminal record, no history of failure to appear, and no evidence of violence or obstruction. The charges involve a non-violent property offense, and the Government's assertions regarding evidence and immigration status do not establish a flight risk under § 3142(f)(2). Courts have consistently held that an immigration detainer or lack of status, standing alone, does not justify detention. See United States v. Santos-Flores, 794 F.3d 1088 (9th Cir. 2015);

United States v. Lopez-Arias, 344 F. Supp. 3d 1230 (D. Colo. 2018); and United States v. Soto, 2018 WL 3002514 (D. Nev. June 15, 2018).

The defense has proposed stringent and enforceable conditions of release that fully mitigate any risk of flight or danger to the community, including:

1. Home detention at 230 Clinton Street, New York, NY;
2. GPS electronic monitoring supervised by Pretrial Services;
3. $20,000 personal recognizance bond co-signed by three financially responsible suretors;\
4. Surrender of all passports and travel documents;
5. Travel restricted to the Districts of New Jersey and New York; and
6. No contact with any potential witnesses or co-defendants.

These conditions represent the least restrictive combination necessary to reasonably assure both appearance and community safety, as required by § 3142(c). The Government's conclusory assertions of flight risk do not overcome the statutory presumption in favor of release.

For these reasons, and based on the totality of the § 3142(g) factors, the defense respectfully requests that the Court grant pretrial release under the proposed conditions and deny the Government's request for continued detention.

Thank you for the Court's attention to this matter.

Respectfully submitted,

/s/ Genesis A. Peduto

GENESIS A. PEDUTO, ESQ.

CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2025, I caused the foregoing letter to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to AUSA Trevor A. Chenoweth and AUSA David E. Malagold, Office of the United States Attorney, District of New Jersey, 970 Broad Street, Newark, NJ 07102.

/s/ Genesis A. Peduto

GENESIS A. PEDUTO, ESQ.