# UNITED STATES DISTRICT COURT

**DISTRICT OF NEW JERSEY**

**UNITED STATES OF AMERICA**

v.
**EDICKSON LORA CASTILLO**,
Defendant.

Crim. No. 25-9083 (Mag. J. Waldor)

# MOTION TO REOPEN DETENTION HEARING AND FOR RELEASE ON CONDITIONS

## PRELIMINARY STATEMENT

Defendant, Edickson Lora Castillo, respectfully moves this Court pursuant to 18 U.S.C. § 3142(f) to reopen the detention hearing and to reconsider his request for release on conditions.

At the time of the original detention determination, the Court did not have before it the current posture of this case. Since that time, the landscape has materially changed. Multiple co-defendants charged in the same conspiracy have now been released on conditions. This intervening development directly bears on whether conditions can reasonably assure both the Defendant's appearance and the safety of the community.

Mr. Lora Castillo continues to maintain that he poses neither a flight risk nor a danger. He has no prior criminal history, strong family ties, and a structured release plan supported by financially responsible sureties. In light of the changed circumstances, continued detention is no longer necessary to achieve the purposes of the Bail Reform Act.

## LEGAL STANDARD

Under the Bail Reform Act, pretrial detention is appropriate only where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

A detention hearing may be reopened where:

"information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release."

18 U.S.C. § 3142(f).

The statute reflects a strong preference for release, recognizing that liberty is the norm and detention is the carefully limited exception.

---

## CHANGED CIRCUMSTANCES WARRANT REOPENING

Since the Court's initial detention determination, multiple co-defendants charged in the same conspiracy have been released on bond subject to conditions.

These are not isolated decisions. Rather, they reflect a consistent determination that:

- The alleged conduct in this case can be managed through conditions of release; and
- The combination of monitoring, supervision, and restrictions is sufficient to mitigate any concerns regarding risk of flight or danger.

This development was not before the Court at the time of the initial detention hearing and constitutes material new information within the meaning of § 3142(f).

## DEFENDANT IS NOT MORE CULPABLE THAN RELEASED CO-DEFENDANTS

The Government may attempt to distinguish Mr. Lora Castillo based on his alleged role as a dispatcher. However, the Complaint itself demonstrates that this role is neither unique nor more significant than the roles attributed to other defendants.

The alleged scheme includes participants who:

- Operated fence locations where stolen goods were received and distributed;
- Exercised control over the movement and handling of stolen property; and
- Accessed and exploited internal corporate systems to facilitate the alleged offenses.

Despite these more central and operational roles, those individuals have been released on conditions.

By contrast, Mr. Lora Castillo's alleged conduct consists of providing delivery information within the broader scheme — conduct that is non-violent and inherently controllable through appropriate restrictions.

There is no meaningful basis to conclude that Mr. Lora Castillo presents a greater risk than those defendants already released.

**COMPARATIVE ROLE ANALYSIS**

| Defendant | Alleged Role | Relative Culpability | Bail Status |
|---|---|---|---|
| **Edickson Lora Castillo** | Dispatcher (address coordination) | Moderate | Detained |
| Jerez | Fence operator | Higher | Released |
| Cabrera De Leon | Co-owner of fence location | Higher | Released |
| Then Castillo | Insider (data exploitation) | Higher | Released |
| Peralta Tavarez | Manager (system access) | Higher | Released |

This comparison underscores the present disparity: individuals with more significant roles in the alleged conspiracy have been released under conditions that the Court has deemed sufficient.

**DEFENDANT DOES NOT POSE A FLIGHT RISK**

Mr. Lora Castillo has substantial ties to the community, including his fiancée and children, and has no history of failing to appear in court.

He is prepared to:

- Surrender all travel documents;
- Submit to electronic monitoring and home detention;
- Comply fully with Pretrial Services; and
- Be supervised by a third-party custodian.

These conditions provide reasonable assurance of his appearance.

**DEFENDANT DOES NOT POSE A DANGER TO THE COMMUNITY**

The charges in this case are non-violent. There are no allegations of weapons, threats, or physical harm.

The proposed conditions — including home detention, monitoring, and no-contact restrictions — effectively eliminate any potential risk.

Courts in this District routinely find such conditions sufficient in cases involving similar or more serious allegations.

**PROPOSED CONDITIONS OF RELEASE**

Defendant proposes the following conditions:

- $100,000 bond co-signed by financially responsible sureties;
- Home detention with GPS monitoring;
- Third-party custodian supervision;
- Travel restricted to New Jersey and New York;
- Surrender of passport and no application for new documents;
- No contact with co-defendants or witnesses;
- Full compliance with Pretrial Services.

These conditions are consistent with — and in some respects more restrictive than — those imposed on co-defendants who have already been released.

## ICE DETAINER DOES NOT JUSTIFY DETENTION

The existence of an ICE detainer does not alter the analysis under the Bail Reform Act.

Federal courts have consistently recognized that immigration detainers are administrative in nature and do not provide a lawful basis to deny pretrial release in a criminal case.

The Court's determination must be guided solely by the factors set forth in § 3142.

## CONCLUSION

The Court now has before it information that was not available at the time of the initial detention determination — namely, the release of multiple co-defendants in the same case under conditions.

This development materially alters the analysis.

In light of:

- The non-violent nature of the charges;
- Defendant's personal history and characteristics;
- The availability of strict conditions; and
- The current posture of similarly situated defendants;

continued detention is no longer necessary.

Accordingly, Defendant respectfully requests that the Court:

1. Reopen the detention hearing; and
2. Order Defendant's release on appropriate conditions.

Respectfully submitted, Date: May 1, 2026

*/S/ Genesis A. Peduto*

Genesis A. Peduto, Esq.
Attorney for Plaintiff